# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARLENE HALE-McDANIEL,

        Plaintiff,

   -vs-                                 Case No. 13-C-154

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration,

        Defendant.

# DECISION AND ORDER

Darlene Hale-McDaniel ("Hale-McDaniel") appeals from the denial of her application for social security disability benefits for the period December 13, 2006 through November 3, 2010 (her application was granted from 11/4/10 going forward). On remand from the Appeals Council, the Administrative Law Judge found that Hale-McDaniel had the following severe impairments: bilateral degenerative joint disease of the knees status post right knee replacement surgery; bilateral carpal tunnel syndrome status post bilateral release surgeries; degenerative disc disease of the lumbar spine; coronary artery disease status post stent placement; sarcoidosis; obesity; anxiety; and depression. However, the ALJ also found that Hale-McDaniel had the residual functional capacity to perform sedentary work, with restrictions. Thus, at step 5, the ALJ found that prior to 11/4/10, Hale-McDaniel was able to perform jobs that existed in significant numbers in the national economy.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ rejected the opinions of three treating physicians and one treating psychiatrist, all of whom concluded that Hale-McDaniel couldn't perform sedentary work. A treating doctor's opinion is entitled to controlling weight if it is supported by medical findings and consistent with substantial evidence in the record. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). If the opinion is "well supported and there is no contradictory evidence, there is no basis on which the administrative judge, who is not a physician, could refuse to accept it." *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). Thus, it is only when "well-supported contradicting evidence is introduced" that the "treating physician's evidence is no longer entitled to controlling weight" and becomes just one more piece of evidence for the ALJ to consider. *Id.*

Instead of adopting the opinions of Hale-McDaniel's treating physicians, the

ALJ gave "great weight" to various state-agency consultants. R. 30-31. However, an ALJ can reject a treating physician's opinion "only for reasons supported by substantial evidence in the record," and a "contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011).

Hale-McDaniel's primary care physician, Dr. Withers, limited her to sitting or standing for five minutes at a time and for less than two hours in an eight-hour workday. Dr. Withers also noted that Hale-McDaniel would require two unscheduled breaks of twenty minutes, could never lift even less than ten pounds, and would miss three days per month due to her symptoms. Dr. Sadeghi, who was treating Hale-McDaniel for her complex regional pain syndrome (right knee), stated that her pain was severe enough to frequently interfere with her ability to concentrate, that she could sit or stand only 15 minutes at one time, that she would be able to sit or stand/walk less than 2 hours a day, and that she would be unable to do any work (he actually wrote "able," but the ALJ correctly deduced that Dr. Sadeghi meant to write "unable"). Dr. Keane, the surgeon for Hale-McDaniel's knee replacement, offered inconsistent opinions with respect to her ability to sit, R. 31, but he also noted, consistent with Dr.

- 3 -

Withers, that she would miss three or more days per month due to her symptoms. Finally, Dr. Formantes, Hale-McDaniel's treating psychiatrist, opined that Hale-McDaniel's mental impairments caused moderate difficulties in maintaining social functioning and frequent deficiencies of concentration or pace, and that if she attempted to work, her impairments would cause her to miss work about four days per month.

The ALJ failed to offer good reasons for rejecting the opinions of any of the opinions of Hale-McDaniel's treating doctors, much less all of them. With regard to Dr. Keene, the ALJ observed that his opinion is dated "less than two months after the claimant underwent total right knee surgery and does not consider subsequent records which show a stable right knee arthroplasty with no hardware failure and no radiographic abnormalities in the left knee." R. 31. The ALJ shouldn't discredit Dr. Keane's opinion for failing to consider records that didn't exist at the time he rendered an opinion. Whatever the case, the ALJ seems to be saying that Hale-McDaniel's condition was salvaged by the knee replacement, but later, he rejects Dr. Withers' opinion because his "questionnaire was completed only *six* months after the claimant underwent total right knee replacement and is inconsistent with subsequent treatment records, which as previously noted, document a stable right knee arthroplasty with no hardware failure and no radiographic abnormalities in the left knee, that the claimant remained intact neurologically, ambulated without assistance, and demonstrated full range of motion and strength in her lower extremities post-surgery." R. 32 (emphasis

added).  So one doctor says that Hale-McDaniel can't work two months post-surgery, and another says she can't work six months post-surgery.  Sandwiched in between those two opinions, Dr. Sadeghi corroborates them both, but again, the ALJ rejects it because it is "rather conclusory, not supported by *subsequent* records, which show improvement in the claimant's condition as noted above, and conclusions regarding whether or not the claimant is disabled [are] reserved for the Commissioner."  R. 32 (emphasis added).  But subsequent records *don't* show improvement, as evidenced by the opinions of Dr. Withers and Dr. Formantes.

Ultimately, the ALJ's rejection of the foregoing opinions was colored by his evaluation of Hale-McDaniel's credibility.  He wrote:  "The medical records fail to fully substantiate the claimant's allegations of disabling symptoms."  R. 29.  Yet the ALJ didn't discuss Hale-McDaniel's testimony so much as he ignored it, and the ALJ cannot demand objective medical evidence to corroborate a claimant's subjective complaints.  *Pope v. Shalala*, 998 F.2d 473, 482 (7th Cir. 1993).  Hale-McDaniel's testimony, both initially and upon rehearing, clearly shows that her symptoms, pain, and limitations are greater than found by the ALJ.  Since the opinions of her treating physicians are "consistent with the relevant treatment notes and the claimant's testimony," they should "form the basis for the ALJ's determination."  *Bates v. Colvin*, --- F.3d ---, 2013 WL 6228317, at *5 (7th Cir. Dec. 2, 2013).  Therefore, the Court will remand this case to the Commissioner for an award of benefits pursuant to 42 U.S.C. § 405(g) (sentence four) ("The court shall have power to enter, upon the pleadings and

- 5 -

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"); *Holden v. Shalala*, 846 F. Supp. 662, 669-70 (N.D. Ill. 1994) (rehearing is unnecessary "when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's decision"); *Grindle v. Sullivan*, 774 F. Supp. 1501, 1513-14 (N.D. Ill. 1991) ("When the ALJ fails to point to clear and convincing reasons for rejecting the conclusion of the treating physician, or provide specific, legitimate reasons based on evidence for disregarding that conclusion, and when the administrative record is fully developed, benefits should be awarded") (quoting *Boyes v. Sullivan*, 901 F.2d 717, 722-23 (9th Cir. 1989)).

The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for an award of benefits.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2013.

                                            **BY THE COURT:**

                                            _____
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**